# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00087-JD-002 |
| ) | |
| JULIAN ALEX SANCHEZ NAVA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the United States' Motion for Leave to File Under Seal ("Motion"). [Doc. No. 87]. The Motion requests leave to file the government's response to Defendant's sentencing memorandum under seal. The Motion advises that the government's response will contain information in the Presentence Investigation Report ("PSR"), not for public disclosure. Mot. at 1.

LCrR32.1(b) provides that any presentence report filed with the court is a restricted document and that "any party wish[ing] to make substantial reference to confidential information in the pre-sentence . . . report in any . . . memoranda of law or other document . . . shall apply to the court for an order authorizing the . . . memoranda of law or other document . . . to be filed under seal." Further, Federal Rule of Criminal Procedure 49.1(d) provides that "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

Under Rule 49.1(d) and LCrR32.1(b), the Court PROVISIONALLY GRANTS the Motion. Counsel for the United States may file its response to Defendant's sentencing memorandum under seal in accordance with the Electronic Case Filing Policies and Procedures Manual for the Western District of Oklahoma. At sentencing, however, the parties should be prepared to address whether these filings should remain under seal following sentencing or whether a redacted version should be filed for the public record. *See* Fed. R. Crim. P. 49.1(d); *cf. United States v. Bacon*, 950 F.3d 1286 (10th Cir. 2020). Additionally, the parties must confer prior to the sentencing hearing in a good-faith attempt to prepare proposed redactions in the event the Court orders these filings unsealed in whole or in part, and the government must appear at the sentencing hearing with proposed redacted versions of any filings that were filed entirely under seal as a result of this Order.[1]

IT IS SO ORDERED this 21st day of June 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] For example, although direct references to the PSR might be properly sealed, general references to charging documents, statutes, sentencing guidelines, and associated case law often do not need to be withheld from public access.